# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK A. NIXON,** | : CIVIL ACTION NO. 1:10-CV-2438 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **SHIRLEY R. MOORE - SECRETARY OF PA D.O.C., et al.,** | : |
| Defendants | : |

## MEMORANDUM

Mark A. Nizon, ("Nixon"), an inmate incarcerated at the State Correctional Institute at Camp Hill ("SCI-Camp Hill"), filed this civil rights action on November 24, 2010 (Doc. 1), naming Shirley R. Moore ("Moore"), Secretary of PA. D.O.C., Anne Meyers ("Meyers"), Chaplain Director, Adeeb Rasheed ("Rasheed"), Muslim Chaplain, and John K. Murray ("Murray"), SCI-Camp Hill Superintendent as defendants. Nixon seeks to proceed in forma pauperis. (Doc. 2.) For the reasons that follow, the motion will be granted solely for the purpose of the filing of the action, see 28 U.S.C. § 1915(b), and the complaint will be dismissed pursuant to 42 U.S.C. §1997e(a).

## I. Allegations of the Complaint

Nixon alleges that upon entering SCI-Camp Hill, he was informed by defendant Meyers that because his religious preference was "Nation of Islam" he would not be permitted to fast or celebrate the breaking of fast. (Doc. 1, "Statement of Claim", ¶ 1.) The Imam, defendant Rasheed, placed him on a fast list with Sunni Muslims. (Id.) Nixon filed a grievance and, in response, was instructed to submit a

religious accommodation request form.  (Id.)  He appealed the grievance and was again instructed to submit a religious accommodation form.  (Id. at ¶ 2.)  The chaplain, defendant Meyers, provided Nixon with a religious accommodation form.  When he returned the form on November 15, 2010, defendant Meyers informed him that his request would be denied because SCI-Camp Hill does not permit "Nation of Islam" inmates to celebrate the breaking of fast and that it could take up to eight months to get a response.  (Id.)  He was also informed that he would not be able to fast December 1, 2010.  (Id.)  He appealed to the Chief Grievance Office of Inmate Grievances and Appeals and wrote defendant Moore for approval of "Nation of Islam" fast.  (Id. at ¶ 3.)  He has not yet received a response.  (Id.)

In response to questions concerning the exhaustion of administrative remedies, plaintiff acknowledged that there is a grievance procedure available at the institution.  (Doc. 1, "Exhaustion of Administrative Remedies", ¶ A.)  He also indicates that he is still in the process of exhausting the grievance procedure.  (Doc. 1, "Statement of Claim", ¶ 3.)

**II.   Discussion**

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir.2000).  It has been made clear that the exhaustion requirement is mandatory.  See Williams v. Beard, 482 F.3d 637, 639 (3d Cir.2007); see also Booth, 532 U.S. at 741 (holding that

the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, it has been recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a bar to suit.[1] See Ray v. Kertes, 285 F.3d 287, 295 n. 5 (3d Cir. 2002) (citing Booth, 206 F.3d at 293 n. 2) (noting that "Booth concedes that he did not avail himself of either the intermediate or final review process.") and Nyhuis, 204 F.3d at 66 (stating that plaintiff "argues that he did not avail himself of the administrative process because it could not provide him with two of the three forms of relief that he seeks in the present action")).

Nixon concedes that there is an administrative grievance procedure available at the institution, and that he has availed himself of the procedure, but that it is not yet complete. Because it is apparent from the face of the complaint that Nixon is

---

[1] As a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint. See, e.g., Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir.1997).

3

barred from pursuing federal relief at this particular time, the complaint will be dismissed pursuant to 42 U.S.C. § 1997e(a).

An appropriate order follows.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: November 30, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK A. NIXON,** | : | CIVIL ACTION NO. 1:10-CV-2438 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **SHIRLEY R. MOORE - SECRETARY OF PA D.O.C., et al.,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 30th day of November 2010, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of the action. <u>See</u> 28 U.S.C. § 1915(b).

2. The complaint (Doc. 1) is DISMISSED pursuant to 42 U.S.C. § 1947e(a). The dismissal is without prejudice to plaintiff's right to file a new action upon completion of administrative review.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).

                                                                                                       S/ Christopher C. Conner
                                                                                                         CHRISTOPHER C. CONNER
                                                                                                         United States District Judge